## No. 9247.

### H. F. BRIDEWELL VS. G. V. HALLIDAY AND F. P. MIX, SHERIFF.

The homestead exemption provided for in the Constitution, Arts. 219 and 220, do not apply to a judgment rendered against a party for moneys or property misappropriated by an agent in the discharge of a trust bestowed on him by his principal.   Such a debt is held to have been incurred by the agent as a fiduciary.

In such cases, damages will be allowed to the seizing creditor whose judgment has been enjoined in the enforcement of a homestead exemption.

APPEAL from the Eighteenth District Court, Parish of Tangipahoa. *Thompson*, J.

*Horace E. Upton* for Plaintiff and Appellee.

*Marr & Reid* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff has enjoined the execution of a judgment of $3070 49, rendered against him by this Court, in favor of the defendant, Halliday (36 Ann. 238), on the ground that the property levied upon is exempt from seizure, as his homestead.

The grounds of resistance urged by defendants are:

1. That the debt sought to be enforced was contracted by him as a fiduciary.

2. That plaintiff's homestead declaration was registered after the debt sought to be enforced had been contracted.

The case was tried by a jury, who found in favor of plaintiff, and Defendant Halliday appeals.

### I.

The main contention in the case of Halliday vs. Bridewell, of which the present suit is a sequel, was the definition of the true relations between the parties.   And it was concluded by this Court that those relations were those of principal and agent.   Hence, Bridewell was

condemned as agent to pay to his principal the amount which the record disclosed he had taken of Halliday's property and funds intrusted to his control and administration.

Now, in Article 220 of the Constitution, which treats of homesteads and exemptions, it is provided that such exemptions shall not apply to certain cases, and among others: "For liabilities incurred by any public officer or fiduciary, or any attorney at law, for money collected or received on deposit."

The question which we are to decide on this point is, therefore, whether the debt which is settled by our judgment was incurred as a fiduciary by Bridewell. He contends that the true meaning of the language used in the Constitution is to embrace in its scope a public fiduciary only, and that it must be held to exclude an ordinary agent.

We cannot adopt his construction. In our opinion, it was the clear intention of the Convention to create three distinct classes of exceptions; and there is no more reason to read the word "public" before the word "fiduciary," than there would be to read the same word before "any attorney at law." It would destroy the sense in the one case as clearly as it would in the other.

The question therefore recurs: whether Bridewell, who has been judicially ascertained to have been the agent of Halliday, intrusted with the exclusive control and management of valuable property and largely important commercial dealings, must be legally treated to have acted in a fiduciary capacity.

The essence of his contract with Halliday was trust and confidence; and it is undisputed that these are the main elements of a contract which creates the relations of a fiduciary.

"It is held to import trust, confidence; it refers to the integrity, the fidelity of the party, rather than his credit or ability; and contemplates good faith, rather than legal obligation." Abbott's Law Dictionary, verbo Fiduciary.

In the case of McDonough vs. Delassus, 10 Rob. 481, this Court, treating of a kindred subject, said: "We are not prepared to establish, as a general rule, that the relation of principal and agent is that of creditor and debtor as soon as the latter receives money or property for the former. We regard it as something more: it is a trust; and the receipt of the money or property does not give the agent a title to it, which would be the case if he be regarded as a debtor alone."

This is precisely the legal meaning and effect of our judgment against Bridewell. We found that in flagrant violation of the trust reposed in him by his principal, he had illegally appropriated and used the funds

of his principal realized by the sale of the latter's merchandise or property, and we therefore held him liable for the restitution of the funds thus used and malappropriated. It is therefore apparent that the foundation of his liability was the abused trust which had been conferred on him; and it is equally clear, therefore, that the debt which resulted therefrom has been incurred by Bridewell as a fiduciary. We therefore conclude that the homestead exemption created under the Constitution of 1879 cannot, and does not, apply to this case, and that the verdict of the jury is manifestly erroneous.

In announcing these conclusions we are aware, and we do not lose sight, of numerous adjudications of the courts of the country in which it has been held that, under the particular phraseology of the last bankrupt laws of Congress, the exceptions made against the discharge of fiduciaries did not include agents in their ordinary responsibility to their principals. But we understand that our disposition of this point, arising under language materially different as found in our Constitution, does not in the least antagonize adjudications which are entitled to our respect, and which will in proper cases command our acquiescence.

Under the conclusions which we have reached on the first point raised by the defendant, we pretermit a discussion of the second point which is thus stripped of all importance in the case.

We note appellant's prayer for damages under Article 304, Code of Practice, and we think that they are entitled to that remedy.

It is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment rendered thereon be annulled, avoided and set aside; and that there be judgment in favor of the defendant, Halliday, dissolving the injunction herein issued, rejecting Plaintiff Bridewell's claim of a homestead, and dismissing his action at his costs in both courts.

And it is further ordered, adjudged and decreed that said Bridewell and his surety on the injunction bond herein be condemned jointly and *in solido* to pay interests of ten per cent per annum on the amount of the judgment enjoined, and in the further sum of one hundred and fifty dollars as special damages for attorney's fees.