35 So.2d 129

**J. B. BEAIRD CO., Inc. v. AUBREY et al.**

No. 38344.

March 22, 1948.

Rehearing Denied April 26, 1948.

Melvin F. Johnson, of Shreveport, for plaintiffs-appellants.

Booth, Lockard & Jack, of Shreveport, for defendant-appellee.

FOURNET, Justice.

The J. B. Beaird Company, Inc., and the Fidelity and Casualty Company of New York are appealing from a judgment recognizing Byron D. Aubrey's right to have his homestead exempt from seizure and sale under the provisions of Section 1 of Article XI of the Constitution of 1921 and enjoining the sale of his homestead seized by the sheriff in satisfaction of a judgment obtained against him by the plaintiffs unless such property is sold for an amount sufficient to satisfy his homestead exemption claim of $4,000, as well as all costs.

The appellants contend that Aubrey's liability to them, and upon which the judgment was based, was incurred by him in a fiduciary capacity and that he is, therefore, under the express provision of Section 2 of Article XI not entitled to a homestead exemption since such "exemption shall not apply to * * * liabilities incurred by any public officer, or fiduciary, or any

attorney at law, for money collected or received on deposits."

It appears that Aubrey, while in the employ of The J. B. Beaird Company, Inc., as an assistant purchasing agent—his duties, according to the comptroller under whose supervision he worked, consisted of locating vital or critically needed materials necessary for the manufacture of various size artillery shells then being machined by the corporation, including what is commonly known as carboloy tips —by a scheme of forging invoices and warehouse receipts, obtained checks of the corporation aggregating $24,652.63 in favor of The Foley Machine Company of Shreveport, Louisiana, the company purportedly supplying these tips, this amount, after Foley's commission was deducted, being secured by Aubrey for the ostensible purpose of paying the fictitious vendor from whom he supposedly secured them for Foley.

Clearly under these facts the defendant did not obtain these funds in a fiduciary capacity. No showing was made that he handled or had authority to handle any of the funds or property belonging to the plaintiff corporation or that he had authority to or did sign any of the company checks. It is our opinion, therefore, that the defendant Aubrey's liability to the plaintiff, upon which the judgment forming the basis of the seizure was predicated, was not incurred by him in a fiduciary capacity within the meaning and contem-

plation of the constitutional provision here invoked.

Conceding for the purpose of this decision the soundness of the holding of this court in the case of Bridewell v. Halliday, 37 La.Ann. 410, relied on by the appellants, it has no application to this case for that case presents an entirely different factual situation.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., dissenting.